# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUIS ANTONIO MARTINEZ,**

      **Plaintiff,**

v.                                                                      Case No: 6:20-cv-1818-Orl-22DCI

**WASTE PRO USA, INC. and WASTE
PRO OF FLORIDA, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 12)** |
| **FILED:** | **January 20, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.   Background

In October 2020, Plaintiff brought this action against Defendants for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. The parties filed an initial motion for approval of settlement; the Court denied that motion without prejudice for failure to address the issue of liquidated damages. Docs. 10;11. On January 20, 2021, the parties filed an Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 12, the

Motion) and attached thereto a Settlement Agreement (Doc. 12-1, the Agreement).[1]  Under the Agreement, Plaintiff will receive $500.00 in unpaid wages, $500.00 in attorney fees, and no liquidated damages.  Doc. 12-1.  The parties argue that the Agreement represents a reasonable compromise of Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice.  Doc. 12.

## II. Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

---

[1] The Court notes that virtually identical motions (and corresponding settlement agreements) have been filed in several cases in this Court. *See, e.g., Gonzalez v. Waste Pro USA, Inc. et al.*, 6:20 cv-01783-RBD-DCI at Doc. 16; *Louissaint v. Waste Pro USA, Inc. et al.*, 6:20-cv-01784-CEMDCI at Doc. 12; *Lane v. Waste Pro USA, Inc. et al.*, 6:20-cv-01785-WWB-DCI at Doc. 15; *Wilson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01810-CEM-DCI at Doc. 15; *Brinson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01812-ACC-DCI at Doc. 12; *Tosen III v. Waste Pro USA, Inc. et al.*, 6:20-cv-01816-ACC-DCI at Doc. 12; *Martinez v. Waste Pro USA, Inc. et al.*, 6:20-cv-01818-ACC-DCI at Doc. 12; *Jackson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01820-WWB-DCI at Doc. 13; *Hayes v. Waste Pro USA, Inc. et al.*, 6:20-cv-01821-WWB-DCI at Doc. 15.

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   Discussion

#### A.  The Settlement

The parties assert that the Agreement reflects a reasonable compromise of Plaintiff's FLSA claims. Doc. 12. The parties have been represented by counsel throughout this case and have engaged in settlement discussions. *Id.* Plaintiff will receive damages as part of the settlement in the amount of $500.00. The parties state that this amount does not include any liquidated damages.

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Id.* The parties explain that that Defendants dispute that Plaintiff is entitled to liquidated damages given that Defendants acted in good faith and had a good faith belief, based on advice of counsel, that their actions did not violate the FLSA. *Id.* The undersigned finds that the absence of liquidated damages in this case is justified. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013). The undersigned also finds that the amount agreed upon is a fair and reasonable compromise based on the parties' representation in the Motion, noting also the early stage at which this case settled. Accordingly, it is **RECOMMENDED** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B.  The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, an allowance for written modifications, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C.  Attorney Fees and Costs

Plaintiff's counsel will receive $500.00 in attorney fees for representing Plaintiff in this case. Doc. 12. The parties state that the attorney fees were independently and separately negotiated, and the Court notes the facial reasonableness of the fee recovery, and also that Plaintiff's counsel explains that the fee requested is a significant discount. *Id.* The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, it is

**RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 12) be **GRANTED**;

2. The Court find the Agreement (Doc. 12-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 25, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy